NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MA DEL ROSARIO CHAVEZ
GARCIA; HEIZEL MARIANA
RODRIGUEZ CHAVEZ,

          Petitioners,

  v.

TODD BLANCHE, Acting Attorney
General,

          Respondent.

No. 24-7462

Agency Nos.
A209-162-063
A209-162-064

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2026[**]
Seattle, Washington

Before: MURGUIA, Chief Judge, and McKEOWN and KOH, Circuit Judges.

Ma del Rosario Chavez Garcia and her daughter ("Petitioners"), citizens of

Mexico, seek review of a Board of Immigration Appeals ("BIA") decision affirming

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the denial of Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

"We review both the IJ's and BIA's decisions because the BIA affirmed the IJ and cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)." *Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir. 2025). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

1. Substantial evidence supports the agency's conclusion that Petitioners failed to establish a nexus between any past or feared future harm and a protected ground. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). The agency assumed without deciding that Petitioner's [1] social group—familial relationship with her domestic partner, Gustavo—was cognizable. However, the agency concluded that Petitioner did not provide sufficient evidence that they were targeted on account of Petitioner's relationship with Gustavo. Gustavo was murdered by a cartel for not paying

---

[1] "Petitioner" when used in the singular refers to the lead Petitioner, Chavez Garcia.

extortion money. Shortly after Gustavo was killed, Petitioner received a phone call at her convenience store, during which the caller threatened to kidnap her daughter. Petitioner did not know who called or whether that individual was a member of the cartel that killed Gustavo. Further, letters from Petitioner's sister and friend indicate that Petitioner was likely targeted because she was a business owner, as criminal groups were demanding money from all businesses and were kidnapping and killing merchants who refused to pay. The record does not compel a conclusion that Petitioner was targeted based on her relationship with Gustavo, and Petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Because the lack of nexus is dispositive of Petitioners' asylum and withholding claims, we need not address Petitioners' other arguments. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

2. Substantial evidence also supports the agency's determination that Petitioners did not establish eligibility for CAT relief. To be granted CAT relief, Petitioners "must show that it is 'more likely than not' that a government official or person acting in an official capacity would torture [them] or aid or acquiesce in [their] torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1068–69 (9th Cir. 2009) (citing *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001)); *see also* 8

3                                                                 24-7462

C.F.R. § 208.16(c)(2). The record is devoid of evidence that Petitioners were physically harmed or tortured or that they will face future torture in Mexico. Petitioners point to country condition reports which show that there is corruption in the government. However, broad assertions of crime are insufficient, especially where Petitioners fail to point out any specific individuals that they fear or provide evidence suggesting that those individuals act with any degree of state consent or acquiescence. *See Dawson v. Garland*, 998 F.3d 876, 885 (9th Cir. 2021); *see also B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022).

The motion for a stay of removal (Dkt. No. 3) is denied.

**PETITION DENIED.**